580

CHANDLER by ROSENFELD v.
UNITED STATES et al.

United States District Court
S. D. New York.
April 26, 1949.

William L. Standard, New York City, (Jacquin Frank, New York City, of counsel; Herman B. Gerringer, New York City, on brief), for libelant.

John F. X. McGohey, U. S. Atty., New York City, (Howard F. Fanning, and Martin J. Norris, Special Assts. to the U. S. Atty., New York City, of counsel), for respondents.

LEIBELL, District Judge.

Libelant, a member of the crew of the S. S. Samuel Chase, was severely injured in the engineroom of the vessel on July 28, 1944, while he was examining a "flare", a war souvenir which he had picked up on the Normandy beachhead on July 22-23, 1944, while ashore contrary to orders, and had retained in his possession after having been warned that it was dangerous and had been told to throw it overboard. He has filed two libels which were consolidated for trial. Adm. 142-98, D.C., 94 F.Supp. 581 is for damages based on negligence, and includes a claim for maintenance and cure. Adm. 142-97 is for $5,000 the amount of a Seamen's War Risk Policy (8 F.R. 3455 et seq.)

The pertinent provisions of the War Risk Policy are set forth in an addendum hereto annexed.

The proximate cause of libelant's injuries was not any one of the risks insured against in the policy. His injuries were not "directly and proximately caused by risks of war and warlike operations" or by any of the risks specifically enumerated in Article 3 of the policy. The legal principles applicable to this case are discussed in Reinold v. United States, 2 Cir., 167 F.2d 556. Libelant's attorney practically concedes that recovery cannot be had on the policy in the present suit, in view of the decision in the Reinold case. The libel based on the Second Seamen's War Risk Policy is dismissed on the merits but without costs. I am filing herewith findings of fact and conclusions of law.

Addendum
"Second Seaman's War Risk Policy

\* \* \* \* \* \*

"Stipulations and Conditions

\* \* \* \* \* \*

"Art. 3 *Risks and perils.* The insurance is for loss of life, disability (including dismemberment and loss of function), loss of or damage to personal effects and detention (including the occurrence of other situations hereinafter provided) of the insured, directly or proximately caused by risks of war and warlike operations, including capture, seizure, destruction by men-of-war, sabotage, piracy, takings at sea, arrests, restraints and detainments, acts of kings, princes and peoples in the prosecution of hostilities or in the application of sanctions under inter-

national agreements, whether before or after declaration of war and whether by a belligerent or otherwise, including factions engaged in civil war, revolution, rebellion or insurrection, scuttling to prevent capture, aerial bombardment, or, attempts at, or measures taken in defense of, all of the foregoing acts, floating or stationary mines, torpedoes, whether derelict or not, collision caused by failure, in compliance with wartime regulations, of said vessel or any vessel with which she is in collision, to show the usual full peacetime navigation or anchorage lights, stranding caused by the absence of lights, buoys, or similar peacetime aids to navigation consequent upon wartime regulations, stranding caused by the failure of said vessel to employ a pilot in waters where a pilot would ordinarily be employed in peacetime, but in which the employment of a pilot is dispensed with in compliance with military, naval or other governmental orders, or with a view to avoiding imminent enemy attack (for the purpose of the foregoing, the failure to show lights, the absence of lights, buoys, etc., and the failure to employ a pilot shall be presumed to be the cause of the collision or stranding unless the contrary be proved, and stranding shall include sinking consequent upon stranding or contact with any part of the land), collision with another vessel in the same convoy or collision with any military or naval vessel, that is to say, a vessel manned by and under the control of military or naval personnel and designed to be employed primarily in armed combat service, stranding, collision or contact with any external substance (including ice, but excluding water), as a result of deliberately placing the vessel in jeopardy, in compliance with military, naval or other governmental orders in order to avoid imminent enemy attack, or as an act or measure of war taken in the actual process of embarking or disembarking troops or loading or unloading materials of war.

"The fact that a vessel, or any vessel with which such vessel is in collision, is carrying troops or military or other supplies, or is proceeding to or from a war base, or is manned or operated by military or naval personnel, shall not alone be sufficient to include in this policy any claim which is not included by the foregoing terms of this article.

\* \* \* \* \* \*

"*Schedule 2. Disability, including dismemberment and loss of function.* For disability proximately caused by the risks and perils insured against herein, and which arises within ninety days from the date of the happening of such risks and perils, and for dismemberment and loss of function caused by the risks and perils insured against herein, and which result from such a disability or otherwise within ninety days from the happening of such risks or perils, the insurer will pay to the insured the benefits set forth in the Stipulations and Conditions."